UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEOPOLD SALMON,

                        Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                                 08-CV-6564L

            v.

PLIANT CORPORATION,

                        Defendant.
_____

Plaintiff Leopold Salmon ("plaintiff") brings this action against his former employer, Pliant Corporation ("Pliant"), alleging discrimination in employment on the basis of race, and retaliation, pursuant to 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the New York Human Rights Law, N.Y. Exec. Law §§290 et seq. ("NYHRL").

Pliant now moves for summary judgment dismissing the plaintiff's claims. (Dkt. #34). For the reasons that follow, Pliant's motion for summary judgment is granted, and the complaint is dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, an African-American individual of Jamaican ancestry and origin, began his employment with Pliant in July 2000. Plaintiff claims that during his employment with Pliant, several of his coworkers have harassed him by calling him names like "monkey" and "stupid ass," and making other offensive comments, including one coworker writing "Leo says hi" next to a picture of a monkey in a magazine. Plaintiff also alleges that in or about April 2007, a coworker made a "noose gesture" to the plaintiff while pointing at him.

In June 2007, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. A Notice of Right to sue was issued by the EEOC on September 17, 2008. This action followed. Plaintiff alleges that Pliant subjected him to: (1) harassment and deprivation of civil rights in violation of Section 1981; (2) retaliation in violation of Section 1981; (3) discrimination in violation of Title VII; (4) hostile work environment in violation of the NYHRL; and (5) retaliation in violation of Title VII and the NYHRL.

**DISCUSSION**

**I. Summary Judgment in Discrimination Cases**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination actions, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir. 1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985) (summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (trial courts should not "treat discrimination differently from other ultimate questions of fact").

Plaintiff's claims of employment discrimination are subject to the burden-shifting analysis articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a prima facie case of discrimination by demonstrating: (1) membership in a protected class; (2) satisfactory job performance; and (3) an adverse employment action, occurring under (4)

circumstances giving rise to an inference of discrimination. *See Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002). Once plaintiff has established a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). The burden then returns to plaintiff, to supply evidence that the legitimate, nondiscriminatory reason offered by the defendant is a pretext for unlawful discrimination. *See St. Mary's Honor Center*, 509 U.S. 502, 508 (1993).

While granting plaintiff the liberal interpretation and favorable inferences due to him as a nonmovant, I find that plaintiff has nonetheless failed to establish a *prima facie* case of discrimination or retaliation.

II.     **Plaintiff's Discrimination and Retaliation Claims Against the Defendant**

    A.     **Plaintiff's Discrimination Claims**

It appears undisputed that plaintiff is a member of a protected class, and that he was qualified for the positions he has occupied at Pliant. However, plaintiff's discrimination claims fail as a matter of law because plaintiff cannot demonstrate that he suffered an adverse employment action, let alone that he did so under circumstances giving rise to an inference of discrimination. It is undisputed that plaintiff remained employed by Pliant at all relevant times, with no negative change in his salary, benefits, position, or working conditions.[1]

To the extent that plaintiff claims that he was subjected to an adverse employment action in the form of a hostile work environment, plaintiff has failed to produce evidence that might convince a reasonable jury to find in his favor.

---

[1] Although plaintiff mentions that he complained to Pliant in May 2007 that be "believed" he wasn't receiving equal pay and wasn't getting overtime, Pliant investigated the allegation and determined that plaintiff's wages were commensurate with his position, skill level and seniority level, and that plaintiff was not receiving overtime because he hadn't signed up for it, per the usual practice. Plaintiff offers no evidence which contradicts Pliant's findings or suggests that any similarly-situated employees were treated differently from him.

In order to prevail on a claim that unlawful harassment has caused a hostile work environment in violation of Title VII, a plaintiff must demonstrate that the workplace was permeated with "discriminatory intimidation, ridicule, and insult... sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and show a specific basis for imputing the conduct that created the hostile work environment to the employer. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted). See also *Mack v. Otis Elevator Co.*, 326 F.3d 116, 122 (2d Cir. 2003); *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002); *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997).

In determining whether conduct constitutes a hostile work environment, the Court must consider the frequency and severity of the discriminatory conduct, whether the conduct is physically threatening or humiliating, and whether the conduct unreasonably interferes with the plaintiff's work performance. *See Winnie v. City of Buffalo*, 2003 U.S. Dist. LEXIS 1497 at *14-*15 (W.D.N.Y. 2003), *citing Harris*, 510 U.S. 17 at 23.

Nonetheless, "Title VII is not a 'general civility code.'" *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999), *citing Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). Although offensive language need not be directed toward a plaintiff in order to contribute to a hostile work environment, *Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir. 1997), a few isolated incidents of "boorish or offensive use of language" are generally insufficient to establish a hostile work environment. *Benette v. Cinemark U.S.A., Inc.*, 2003 U.S. Dist. LEXIS 22636 at *18 (W.D.N.Y. 2003). See also *Clark County School District v. Breeden*, 532 U.S. 268, 270 (2001) (conduct must be severely threatening or humiliating to rise to the level of a hostile work environment); *Kotcher v. Rosa & Sullivan Appliance Ctr.*, 957 F.2d 59, 62 (2d Cir. 1992) ("incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief").

Plaintiff identifies the following conduct in support of his hostile work environment claim: (1) in 2002 – outside of the statute of limitations for this action – a coworker used a racial slur toward plaintiff; (2) five coworkers called plaintiff an "ass" and "stupid ass" on separate occasions

between 2005 and 2009; (3) on one occasion, a coworker wrote "Leo says hi" next to a picture of a monkey in a magazine; (4) in April 2007, a coworker made a choking or hanging gesture and pointed toward the plaintiff; and (5) sometime in 2008, after plaintiff filed his charge of discrimination, a coworker said to plaintiff, "why don't you go back to your poor-ass country?".

While some of these incidents are unquestionably insensitive or offensive, I find that when viewed collectively, and with the benefit of undisputed facts concerning their context, plaintiff's allegations describe isolated incidents, spread over a period of seven years, which are not sufficiently severe, frequent, threatening, humiliating or distracting to give rise to a hostile work environment. *See Hannon v. Wilson Greatbatch, Ltd.*, 2002 U.S. Dist. LEXIS 8862 at *28 (W.D.N.Y. 2002)(the "mere utterance of an epithet which engenders offensive feelings" is insufficient to sustain a hostile work environment claim); *Clark County School District v. Breeden*, 532 U.S. 268, 270 (2001) (conduct must be severely threatening or humiliating to rise to the level of hostile work environment); *Brown v. Coach Stores, Inc.*, 163 F.3d 706 (2d Cir. 1998) (occasional offensive racial comments are not sufficiently severe or pervasive to establish a hostile work environment); *Schwap v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (establishment of a hostile work environment requires a steady barrage of racial comments, rather than isolated racial slurs); *Tomka v. Siler Corp.*, 66 F.3d 1295, 1304 n.5 (2d Cir. 1995) (occasional incidents of harassment will not justify relief).

Plaintiff complained about the use of a racial slur in 2002. The matter was investigated, and the employee who allegedly used the slur denied doing so, but was counseled by Pliant concerning the need for employees to treat one another with respect. Plaintiff complained about the note on the monkey photo, which was also investigated by Pliant. The coworker who had made the notation on the monkey photo claimed that he considered plaintiff a friend, that "Leo says hi" was meant to refer to the fact that he and plaintiff often "monkeyed around" together, and that he had no intention of insulting the plaintiff. The coworker was made to apologize to the plaintiff, and to Pliant, for his conduct, and was issued a written warning. Plaintiff also complained about a coworker who made a choking gesture toward him, and on investigation, Pliant determined that plaintiff's complaint was

unsubstantiated. Plaintiff also complained about other coworkers calling him an "ass" at various times over five-year period, but testified that he didn't know whether those matters were investigated or how they were resolved.

Taken as a whole, these undisputed incidents, which were few, isolated and for the most part, either race-neutral or subject to non-race-related interpretations, do not approach the level of a hostile work environment. Moreover, to the extent that Pliant was notified of potentially race-related conduct (e.g., the notation on the monkey picture in 2007 and the use of a racial slur in 2002), it investigated the complaints and disciplined the offenders. Because plaintiff cannot prove that Pliant subjected him to a hostile work environment, because plaintiff offers no evidence of any other adverse employment action, and because, to the contrary, plaintiff was continually promoted and given raises throughout the relevant period, his discrimination claims are dismissed.

### B. Plaintiff's Retaliation Claims

Retaliation claims are also analyzed using the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas*, 411 U.S. 792. On a motion for summary judgment, the plaintiff must first establish a prima facie case of retaliation. Once the plaintiff has done so, the burden shifts to the defendant to establish a legitimate, non-retaliatory basis for the complained-of action. If the defendant does so, the burden returns to plaintiff, who must show that the legitimate, non-retaliatory reason articulated by the defendant is a mere "pretext," and that retaliation was more likely than not the reason for the complained-of action. *See Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000); *Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir. 1998).

A plaintiff makes out a prima facie case of retaliation by showing: (1) his participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. *Id.*

Plaintiff claims that after he participated in the protected activities of making complaints to Pliant and/or filing the instant lawsuit, he was subjected to a comment from a coworker that he should "go back to [his] poor-ass country," a reference to his Jamaican origin.

As above, however, plaintiff has failed to demonstrate that he suffered a disadvantageous employment action: plaintiff suffered no diminution in his pay or benefits, and a single, stray comment by a coworker, particularly in the absence of evidence by which a reasonable factfinder could impute the comment to Pliant, is insufficient as a matter of law to establish a hostile work environment. Furthermore, plaintiff has not come forth with evidence to support a causal connection between his protected activity and the comment by the coworker. To establish a causal connection, plaintiff can rely on evidence of discriminatory animus, or prove that similarly-situated coworkers were treated differently from plaintiff. *See DeCintio v. Westchester County Med. Ctr.*, 821 F.2d 111, 115 (2d Cir. 1987). Plaintiff has produced no such evidence here. To the contrary, it is undisputed that during the period in which plaintiff filed his initial charge of discrimination and pursued the instant lawsuit, he continued to receive regular raises and promotions.

Accordingly, plaintiff has failed to set forth a prima facie case of retaliatory activity by Pliant, and that claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Pliant's motion for summary judgment (Dkt. #34) is granted and plaintiff's complaint is dismissed in its entirety, with prejudice. Plaintiff's request for sanctions against Pliant, on the alleged grounds that Pliant should not have moved for summary judgment, is denied as factually baseless and procedurally improper.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      September 4, 2013.